IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| CHARLES DAVID BROOKS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:17cv18 |
| OLIVER BELL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charles Bell, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are: Oliver Bell, former chairman of the Texas Board of Criminal Justice; Brad Livingston, former Executive Director of the Texas Board of Criminal Justice; Kelvin Scott, former director of TDCJ-CID Region II; John Rupert, former senior warden at the Coffield Unit; Jeffrey Cato, current senior warden at the Coffield Unit; Jeffrey Richardson, former assistant warden at the Coffield Unit; Patrick Cooper, former assistant warden at the Coffield Unit; Vernon Mitchell, current major at the Coffield Unit; and Modesto Urbina, former food service manager at the Coffield Unit.

**I. Background**

Brooks complains in a broad and general manner about the conditions of confinement at the Coffield Unit, including claims that: other prisoners flood the runs with unclean water and it can take hours for the inmate porters to clean it up; other prisoners set fires and he has to breathe the smoke; the unit has a problem with spiders and bugs; he only receives soap five days a week even though

1

he can shower every day; he often does not get outside recreation; there are delays in seeing medical providers, whom Brooks describes as "at best adequate;" the air quality at the unit is poor; he is subjected to excessively hot and cold temperatures; and, the food preparation is unsanitary and the food is inadequate and does not taste good.

The Defendants, all of whom were or are supervisory officials, were ordered to answer and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), to which Brooks filed a response. After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and the lawsuit dismissed. The Magistrate Judge observed that in §1983 lawsuits, supervisory officials are not liable for the actions of subordinates under any theory of vicarious liability, but that such officials may be held liable if they were personally involved in a constitutional deprivation or if their wrongful conduct was causally connected to a constitutional violation, or if they implement constitutionally deficient policies which are the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Terry v. LeBlanc*, 479 F.App'x 644, 2012 WL 3496399 (5th Cir., August 15, 2012). In this case, the Magistrate Judge stated that Brooks did not meet any of these criteria, but simply made broad and conclusory allegations that the Defendants must have known of the alleged constitutional deprivations and did not take such actions as Brooks believed appropriate. The Magistrate Judge determined that these allegations were not sufficient to sustain a claim of liability under §1983 against supervisory officials.

The Magistrate Judge also went on to discuss the specific conditions of confinement claims raised by Brooks and concluded that Brooks' pleadings offered no more than labels and conclusions and consisted only of naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Consequently, the Magistrate Judge concluded that Brooks failed to state a claim upon which relief may be granted.

## II. Brooks' Objections

In his objections, Brooks repeats the allegations of his complaint at considerable length, but never addresses the specific proposed findings and conclusions contained in the Magistrate Judge's Report. He argues that the fact he wrote to the Defendants Bell, Livingston, and Scott gave them knowledge of the facts and thus made them responsible for the alleged constitutional violations. Brooks also claimed that the wardens and the major walked around the unit, which gave them knowledge of the facts and made them responsible for the alleged violations.

Fed. R. Civ. P. 72(b)(2) provides after being served with a copy of the recommended disposition, a party may serve and file "specific written objections to the proposed findings and recommendations." Once such specific written objections are served, Rule 72(b)(3) requires the district judge to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." This comports with 28 U.S.C. §636(b)(1)(C), which provides that the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

Brooks' repetition of the allegations of his complaint, without reference to the Magistrate Judge's Report, does not amount to "specific written objections to the proposed findings and recommendations." *See LaFerney v. Director, TDCJ-CID*, civil action no. 2:13cv806, 2014 WL 47403 (E.D.Tex., January 6, 2014) (objections which simply repeat the allegations of the complaint offer nothing to contradict the Magistrate Judge's conclusions). In any event, all of these allegations were addressed adequately and properly by the Magistrate Judge.

The fact that Brooks wrote letters or grievances to Bell, Livingston, and Scott does not give rise to personal involvement so as to make these supervisory Defendants liable under §1983. As the Magistrate Judge explained, the mere fact that supervisory officials were sent letters or answered grievances does not show personal involvement in a constitutional deprivation. *Whitlock v. Merchant*, civil action no. 5:14cv119, 2015 U.S. Dist. LEXIS 125614, 2015 WL 5909776 (E.D. Tex., September 21, 2015) (mere fact of receipt of grievances does not show personal involvement

in a constitutional deprivation); *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (noting that given the size of the Texas prison system, top-level TDCJ administrators "cannot be expected to intervene personally in response to every inmate letter they receive.") Brooks does not have a constitutionally protected liberty interest in having his grievances answered to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005). This objection is without merit.

Likewise, Brooks' contention that the wardens and major are liable because they walked around the unit and thus "must have known" of alleged constitutional violations lacks merit. *Brooks v. Stringer*, 303 F.App'x 225, 2008 U.S. App. LEXIS 25877, 2008 WL 5262699 (5th Cir., December 18, 2008) (prisoner's allegation that warden must have known of pervasive violence in the prison because he visited the general population once a week and got daily briefings from his officers, one of whom was his son, was conclusory and insufficient).

Furthermore, Brooks's pleadings do not show that any constitutional violations in fact occurred. The Fifth Circuit has held that absent primary liability, there can be no supervisory liability. *Gibbs v. King*, 779 F.2d 1040, 1046 n.6 (5th Cir.), *cert. denied* 476 U.S. 1117 (1986). Brooks cannot show that the supervisors were personally involved in a constitutional violation or that they implemented policies which resulted in a constitutional violation if he has not demonstrated that a constitutional violation occurred at all. Brooks' objections are without merit.

Brooks also filed a document stating that he wished to appeal the Report of the Magistrate Judge. This presumably refers to an appeal to the District Judge, since Reports of the Magistrate Judge cannot be appealed to the Fifth Circuit. *Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984); *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004). Brooks' objections serve as his appeal to the District Judge. *Id.*

## III. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified

4

proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 41) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' amended motion to dismiss (docket no. 41) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED  March 9, 2019.**

_____
Ron Clark, Senior District Judge